FILED
2024 Jun-07 AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Micah Scott, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Sirius XM Radio Inc.,<br><br>Defendant. | Case No:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1. Micah Scott ("Plaintiff") brings this class action against Sirius XM Radio Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using or causing to be used an artificial or prerecorded voice in connection with non-emergency calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, without prior express consent.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. In particular, the subject artificial or prerecorded voice messages were directed to Plaintiff's cellular telephone in this district, and Plaintiff received the subject artificial or prerecorded voice messages in this district.

**Parties**

6. Plaintiff is a natural person who at all relevant times resided in Huntsville, Alabama.

7. Defendant is a company located in New York, New York.

**Factual Allegations**

8. Plaintiff is, and has been at all relevant times, the regular and sole user of and subscriber to his cellular telephone number—(256) 724-XXXX.

9. On May 26, 2021, Defendant placed or caused to be placed a call to telephone number (256) 724-XXXX.

10. In connection with this May 26, 2021 call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message that states:

> Hello this is a service alert from SiriusXM. Our records indicate that the payment for your recently renewed subscription could not be processed with a credit or debit card on file. To make your payment and ensure uninterrupted service please visit us online at siriusxm.com/onlinepayment. You can also text pay to 77917 to receive a link to your mobile phone to update your credit or debit card. Message and data rates may apply. Or call us back at 855-342-0356 to update

> your credit or debit card information with a listener care representative. Thank you.

11. On June 25, 2021, Defendant placed or caused to be placed a call to telephone number (256) 724-XXXX.

12. In connection with this June 25, 2021 call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message that states:

> Hello this is a service alert from SiriusXM. Our records indicate that the payment for your recently renewed subscription could not be processed with a credit or debit card on file. To make your payment and ensure uninterrupted service please visit us online at siriusxm.com/onlinepayment. You can also text pay to 77917 to receive a link to your mobile phone to update your credit or debit card. Message and data rates may apply. Or call us back at 855-342-0356 to update your credit or debit card information with a listener care representative. Thank you.

13. On at least two additional dates, Defendant placed or caused to be placed calls to telephone number (256) 724-XXXX.

14. In connection with these calls, Defendant delivered or caused to be delivered artificial or prerecorded voice messages that state:

> Hello this is a service alert from SiriusXM. Our records indicate that the payment for your recently renewed subscription could not be processed with a credit or debit card on file. To make your payment and ensure uninterrupted service please visit us online at siriusxm.com/onlinepayment. You can also text pay to 77917 to receive a link to your mobile phone to update your credit or debit card. Message and data rates may apply. Or call us back at 855-342-0356 to update your credit or debit card information with a listener care representative. Thank you.

15. On July 16, 2021, Defendant placed or caused to be placed a call to telephone number (256) 724-XXXX.

16. In connection with this July 16, 2021 call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message that states:

> Hello this is SiriusXM calling to inform you that your service has been turned off because we have not yet received your payment. To reconnect your service please call us at 855-342-0353. Thank you.

17. Plaintiff received and listened to the artificial or prerecorded voice messages Defendant delivered or caused to be delivered to telephone number (256) 724-XXXX.

18. The speech patterns of the artificial or prerecorded voice messages Defendant delivered or caused to be delivered to telephone number (256) 724-XXXX are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

19. The messages Defendant delivered or caused to be delivered to telephone number (256) 724-XXXX were generic, and several were identical, further indicating the use of an artificial or prerecorded voice.

20. The pattern and tone of the speech made clear to Plaintiff that the messages Defendant played were artificial or prerecorded in nature.

21. Plaintiff does not, nor did, have any business relationship or account with Defendant.

22. Plaintiff did not provide telephone number (256) 724-XXXX to Defendant.

23. Defendant did not obtain telephone number (256) 724-XXXX from Plaintiff.

24. Plaintiff did not give Defendant prior express consent to place calls, in connection with which an artificial or prerecorded voice was used, to telephone number (256) 724-XXXX.

25. Defendant did not obtain from Plaintiff prior express consent to place calls, in connection with which an artificial or prerecorded voice was used, to telephone number (256) 724-XXXX.

26. Each of the artificial or prerecorded voice messages Defendant delivered or caused to be delivered to telephone number (256) 724-XXXX were intended for someone other than Plaintiff.

27. Defendant placed or caused to be placed the subject calls to telephone number (256) 724-XXXX voluntarily.

28. Defendant placed or caused to be placed the subject calls to telephone number (256) 724-XXXX under its own free will.

29. Defendant had knowledge it was using or causing to be used an artificial or prerecorded voice in connection with the subject calls it placed or caused to be placed to telephone number (256) 724-XXXX.

30. Plaintiff suffered actual harm as a result of the subject artificial or prerecorded voice messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

**Class Action Allegations**

31. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Sirius XM Radio Inc. placed or caused to be placed a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a current or former Sirius XM Radio Inc. subscriber, (3) in connection with which Sirius XM Radio Inc. used or caused to be used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification.

32. Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

33. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

34. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

35. The class is ascertainable because it is defined by reference to objective criteria.

36. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

37. Plaintiff's claims are typical of the claims of the members of the class.

38. As it did for all members of the class, Defendant placed or caused to be placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

39. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

40. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

41. Plaintiff suffered the same injuries as the members of the class.

42. Plaintiff will fairly and adequately protect the interests of the members of the class.

43. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

44. Plaintiff will vigorously pursue the claims of the members of the class.

45. Plaintiff has retained counsel experienced and competent in class action litigation.

46. Plaintiff's counsel will vigorously pursue this matter.

47. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

48. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

49. Issues of law and fact common to all members of the class are:

a. Defendant's conduct, pattern, and practice as it pertains to placing or causing to be placed calls in connection with which it uses an artificial or prerecorded voice;

b. Defendant's conduct, pattern, and practice as it pertains to placing or causing to be placed calls to wrong or reassigned cellular telephone numbers; and

c. The availability of statutory penalties.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

51. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

52. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

53. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

54. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

55. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

56. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

57. There will be no extraordinary difficulty in the management of this action as a class action.

58. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

59. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-58.

60. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using or causing to be used an artificial or prerecorded voice in connection with calls it placed or caused to be placed to Plaintiff's cellular telephone number—telephone number (256) 724-XXXX—and the cellular telephone numbers of the members of the class, without consent.

61. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place or caused to be placed calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members

of the class, in connection with which it uses or caused to be used an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: June 6, 2024

*/s/ Stan Herring*
M. Stan Herring
John Watts
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879.2447
stan@wattsherring.com

Aaron D. Radbil (*pro hac vice application to be filed*)
Greenwald Davidson Radbil PLLC

5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*